Ronald A. Bender, Esq.
Matthew J. Cuffe, Esq.
WORDEN THANE P.C.
Attorneys at Law
P.O. Box 4747
Missoula, Montana  59806-4747
Telephone:  (406) 721-3400
Facsimile:   (406) 721-6985
rbender@wthlaw.net
mcuffe@wthlaw.net

Attorneys for Plaintiff Balance Point Divorce Funding, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BALANCE POINT DIVORCE FUNDING, LLC, a Nevada Limited Liability Company,<br>    Plaintiff,<br><br>   -vs-<br><br>LILA S. MASTERS, JOHN DOES 1-5, and JANE DOES 1-5,<br>    Defendants. | Civil No. CV-__-__-BU<br><br>COMPLAINT |

Plaintiff, BALANCE POINT DIVORCE FUNDING, LLC, for its Complaint against Defendants alleges as follows:

PARTIES

1.   Plaintiff Balance Point Divorce Funding, LLC, is organized as a limited liability company in the state of Nevada and has its principal place of business in Beverly Hills, California and is a citizen of the State of California.

2.    Defendant Lila S. Masters ("Defendant Masters") is a citizen and resident of the state of Montana, residing in Bozeman, Montana.

3. Defendants John Does 1-5 and Jane Does 1-5 are individuals who may have responsibility for the acts complained of herein and damages to Plaintiff. The true identities of these John Does and Jane Does are not presently known.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because it involves citizens of a different state, with the citizenship of Plaintiff and Defendant Masters being diverse and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

5. The Court has personal jurisdiction over Defendant Masters because she is a citizen of the State of Montana, residing in the district in Bozeman, Montana, the Agreement in question was entered into in the state of Montana and many of the events or acts giving rise to the claims occurred in this district.

6. Venue is proper under 28 U.S.A. §1400(a) and 28 U.S.C. §1391(a) because Defendant Masters is subject to personal jurisdiction in this district, resides in the district in Bozeman, Montana and many of the events or acts giving rise to the claims occurred in this district.

## GENERAL ALLEGATIONS

7. On or about May 18, 2011 the Plaintiff Balance Point and Defendant Masters entered into a Purchase Agreement. For valuable paid by Plaintiff to Defendant Masters, Plaintiff purchased and received and Defendant Masters sold, assigned and transferred to Plaintiff a specified percentage interest in Defendant Master's Marital Asset Claims including any and all claims granted to her against her spouse, Timothy D. Scrantom, including any and all rights and the proceeds of any judgment decree as to marital property and maintenance , pending in the

Montana Eighteenth Judicial District Court Gallatin in Cause No. DR-09-318-A entitled In Re the Marriage of Timothy D. Scrantom, Petition and Lila S. Masters, Respondent.  Defendant Masters was represented by Herman "Chuck" Watson, Esq. in contemplating this sale and Mr. Watson further executed an "Independent Attorney Confirmation Letter to Counsel, Client Disclosures Consent to Balance Point Transaction and Certification to Balance Point" stating among other things that "Regardless of whether you settle your claims, or litigate or dismiss your claims, you are responsible for paying Balance Point the fair market value of what you are selling to Balance Point."  On or about September 29, 2011 the Plaintiff and Defendant Masters entered into a First Amended and Restated Purchase Agreement ("Amended Purchase Agreement").  For consideration paid by Plaintiff to Defendant Masters, Plaintiff purchased and received and Defendant Masters sold, assigned, and transferred to Plaintiff a specified percentage interest in Defendant Master's Marital Asset Claims including any and all claims granted to her against her spouse, Timothy D. Scrantom, including any and all rights and the proceeds of any judgment decree as to marital property and maintenance, pending in the Montana Eighteenth Judicial District Court Gallatin County in Cause No. DR-09-318A entitled In Re the Marriage of Timothy D. Scrantom, Petitioner and Lila S. Masters, Respondent.  For this Amended Purchase Agreement, Defendant Masters was represented in this sale by attorney Ryan Jackson, by way of a referral from Chuck Watson  and Mr. Jackson likewise executed a "Independent Attorney Confirmation Letter to Counsel, Client Disclosures, Consent to Balance Point Transaction and Certification to Balance Point." In addition, Mr. Watson executed an "Attorney Certification Form" to Balance Point certifying, among others, that

"We have read the Purchase Agreement attached here and we have discussed the material terms with ('Claim Holder'). We make the following additional representations to you: …(2) after communicating the material terms of the Purchase Agreement to Claim Holder, Claim Holder has informed us that he or she understands the Purchase Agreement; (3) we are aware of no statute or case law that would invalidate your rights under the Purchase Agreement…." Furthermore, pursuant to the Purchase Agreements Defendant Masters executed an "Irrevocable Payment Instruction" to her family law attorney as to the receipt of any settlement funds and payment to Plaintiff of its percentage.

8. Pursuant to Paragraph 3 of the Amended Purchase Agreement Plaintiff is entitled to receive from Defendant Masters its interest in the Marital Assets upon: (1) liquidation of the Marital Asset Claim; (2) upon determination by the court after trial on the value of the Marital Asset Claim in the Divorce Proceedings; (3) upon settlement of a Marital Asset Claim; (4) upon the entry of judgment with respect to a Martial Asset Claim; or (5) the settlement, suspension, or dismissal of the Divorce Proceedings, including reconciliation of the spouses.

9. Pursuant to Paragraph 18(e) of the Amended Purchase Agreement any failure of Defendant Masters to cooperate with Plaintiff to effectuate the purposes of the Amended Purchase Agreement constitutes a material breach of the Purchase Agreement by Defendant Masters.

10. Pursuant to Paragraph 21(v) of the Amended Purchase Agreement, in the event a material breach of the Purchase Agreement by Defendant Masters, Plaintiff is entitled to any and all remedies available under applicable law, including the right to specific performance of Defendant Master's obligations.

11. Pursuant to Paragraph 21(xii) Plaintiff has the right to obtain life insurance or other insurance products insuring the life of Defendant Masters with Plaintiff being the owner and sole beneficiary of such life insurance policies as Plaintiff determines is appropriate in its sole and absolute discretion. Defendant Masters agrees to cooperate and facilitate the underwriting process in whatever the insurance company(s) reasonably require(s).

12. Pursuant to Paragraph 21(xi), in the event of litigation arising out of the Purchase Agreement the prevailing party is entitled to an award of reasonable attorneys fees and costs.

13. The Purchase Agreements contain confidential proprietary information and are subject to a confidentiality and non-disclosure agreement.

14. Based on information and belief, Plaintiff believes that on April 18, 2012 Defendant Masters and her spouse Timothy Scrantom entered into a Property Settlement Agreement with a Decree of Dissolution entered in the Montana Eighteenth Judicial District Court Gallatin County in Cause No. DR-09-318A which provides for payment of substantial funds and transfer of substantial assets to Defendant Masters. The first payment to be made pursuant to this Settlement Agreement was to occur on June 1, 2012. This payment was to be a substantial cash payment. The proceedings in this matter have been sealed.

15. On or about May 14th, Defendant Lila Masters cut off communications with her family law counsel and co-counsel in her divorce matter. Ms. Masters refused to return phone calls, failed to participate in a pre-arranged conference call, and ignored emails from counsel as well as Balance Point regarding the status of her settlement and effectuating her settlement.

16. By written demand, Plaintiff has demanded: (1) that Defendant Masters provide information and an accounting as to any marital property settlement agreement or decree of dissolution, any funds or assets transferred to Defendant Masters; (2) that Defendant Masters immediately deliver and turn over Plaintiff's 25% interest in any funds or assets paid, delivered or distributed to her pursuant to any marital property settlement agreement or decree of dissolution; (3) that Defendant Masters execute the application paper work for a life insurance policy with Prudential Insurance Company previously forwarded to her which she has failed to fully sign; and (4) that Defendant Masters cooperate with Plaintiff to fully effectuate the purposes of the Purchase Agreement.

17. Despite written demand, Defendant Masters has failed and refused to provide any information as to the status of the dissolution proceeding, any marital property settlement agreement or any payment, delivery or distribution to her of any funds or assets pursuant to the dissolution or to deliver and turn over to Plaintiff its interest pursuant to the Amended Purchase Agreement, or execute completely the required paperwork for the Prudential life insurance policy. The applied for life insurance policy is in jeopardy of withdrawn as Defendant Masters has failed to provide the requested information and it is not likely that any other insurance company would offer to insure her. Defendant Masters has failed to respond or communicate in any way with Plaintiff in regard to the demand for information accounting, or delivery and turnover of the Plaintiff's interest.

18. Due to such failure and refusal Defendant Masters has materially breached the Amended Purchase Agreement.

19. Plaintiff believes based upon information and belief that John Does 1-5 and Jane Does 1-5, the true identities who are not presently known, conspired with and directed Defendant Masters to refuse to perform the Amended Purchase Agreement and to breach the covenant of good faith and fair dealing and, with full knowledge of Plaintiffs' existing contractual relationship with Defendant Masters, intentionally interfered with and continue to interfere with Plaintiffs contractual obligations with Defendant Masters, without justification, to the detriment of Plaintiff.

20. Plaintiff has performed all the terms and conditions of the Amended Purchase Agreement required of it.

## COUNT I - SPECIFIC PERFORMANCE

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if set forth fully herein.

22. Plaintiff is entitled to have Defendant Masters specifically perform the Amended Purchase Agreement and to immediately provide any information as to the status of the dissolution proceeding, any marital property settlement agreement or any payment, delivery or distribution to her of any funds or assets pursuant to the dissolution or to deliver and turn over to Plaintiff its interest pursuant to the Amended Purchase Agreement, and to execute completely required paperwork for the Prudential life insurance policy.

## COUNT II - BREACH OF CONTRACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as if set forth fully herein.

24. Defendant Masters has materially breached the Amended Purchase

Agreement and as a result of Defendant Master's breach of the Amended Purchase Agreement Plaintiff has been damaged in amount to be determined at trial which amount greatly exceeds $75,000.00, exclusive of interest and costs.

25.     Plaintiff is also entitled to interest, attorney fees, expenses, and costs.

### COUNT III - BREACH OF THE OBLIGATION OF GOOD FAITH AND FAIR DEALING

26.     Plaintiff repeats and realleges paragraphs 1 through 25 as if set forth fully herein.

27.     It was the intention and expectations of the parties that Plaintiff would receive its specified interest in the Marital Assets upon: (1) liquidation of the Marital Asset Claim; (2) upon determination by the court after trial on the value of the Marital Asset Claim in the Divorce Proceedings; (3) upon settlement of a Marital Asset Claim; (4) upon the entry of judgment with respect to a Martial Asset Claim; or (5) the settlement, suspension, or dismissal of the Divorce Proceedings, including reconciliation of the spouses.  Pursuant to this expectation Plaintiff entered into the Amended Purchase Agreement with Defendant Masters. Plaintiff believes that Defendant Masters has settled the Marital Asset claim, with a judgment being entered in the state court action and is entitled to immediate turn over and delivery of its interest.  Defendant Masters' actions, inactions, refusal and failure to effectuate the purposes of the Purchase Agreement and refusal to deliver and turn over Plaintiff's interest constitute a breach of the implied covenant of good faith and fair dealing.

28.     As a result of Defendant Masters' breach of the implied covenant of good faith and fair dealing, Plaintiff has been damaged in an amount to be

determined at trial which amount greatly exceeds $75,000.00, exclusive of interest and costs.

29. Plaintiff believes based upon information and belief that John Does 1-5 and Jane Does 1-5, the true identities who are not presently known, conspired with and directed Defendant Masters to refuse to perform the Amended Purchase Agreement and to breach the covenant of good faith and fair dealing and, with full knowledge of Plaintiff's existing contractual relationship with Defendant Masters, intentionally interfered with and continue to interfere with Plaintiff's contractual obligations with Defendant Masters, without justification, to the detriment of Plaintiff.

## COUNT IV - ACCOUNTING AND CONSTRUCTIVE TRUST

30. Plaintiff repeats and realleges paragraphs 1 through 29 as if set forth fully herein.

31. Plaintiff is entitled to a detailed accounting with respect to any and all funds, assets, distributions, rights, or the proceeds thereof received by Defendant Masters in regard to any marital property settlement agreement or decree of dissolution entered in the state court proceedings including any and all claims or rights granted to her against her spouse, Timothy D. Scrantom, including any and all rights and the proceeds of any judgment decree as to marital property and maintenance, entered in the Montana Eighteenth Judicial District Court Gallatin County in Cause No. DR-09-318A.

32. Plaintiff is entitled to a constructive trust with respect to any and all funds, assets, distributions, rights, or the proceeds thereof received by Defendant Masters in regard to any marital property settlement agreement or decree of

dissolution entered in the state court proceedings including any and all claims or rights granted to her against her spouse, Timothy D. Scrantom, including any and all rights and the proceeds of any judgment decree as to marital property and maintenance, entered in the Montana Eighteenth Judicial District Court Gallatin County in Cause No. DR-09-318A.

WHEREFORE, Plaintiff prays for Judgment against Defendant Masters as follows:

1. On Count I that Defendant Masters be required to specifically perform the Amended Purchase Agreement and to immediately provide any information as to the status of the dissolution proceeding, any marital property settlement agreement or any payment, delivery or distribution to her of any funds or assets pursuant to the dissolution or to deliver and turn over to Plaintiff its interest pursuant to the Amended Purchase Agreement, and to execute completely required paperwork for the Prudential life insurance policy;

2. On Count II damages against Defendant Masters in an amount to be determined at trial, plus interest on said amount at the rate of 10% per annum from the date the damages are capable of being made certain until said judgment is fully paid;

3. On Count III damages against Defendant Masters in an amount to be determined at trial, plus interest on said amount at the rate of 10% per annum from the date the damages are capable of being made certain until said judgment is fully paid;

4. On Count IV : (A) an accounting with respect to any and all funds, assets, distributions, rights, or the proceeds thereof received by Defendant Masters

in regard to any marital property settlement agreement or decree of dissolution entered in the state court proceedings including any and all claims or rights granted to her against her spouse, Timothy D. Scrantom, including any and all rights and the proceeds of any judgment decree as to marital property and maintenance, entered in the Montana Eighteenth Judicial District Court Gallatin County in Cause No. DR-09-318A; and (B) a constructive trust be imposed on any and all funds, assets, distributions, rights, or the proceeds thereof received by Defendant Masters in regard to any marital property settlement agreement or decree of dissolution entered in the state court proceedings including any and all claims or rights granted to her against her spouse, Timothy D. Scrantom, including any and all rights and the proceeds of any judgment decree as to marital property and maintenance, entered in the Montana Eighteenth Judicial District Court Gallatin County in Cause No. DR-09-318A;

     5.    For reasonable attorney's fees in an amount to be determined by the Court;

     6.    Interest, costs of suit; and such other and further relief as is just and proper.

     Dated this 21st day of June, 2012.

                            Worden Thane P.C.

                            By: /s/ Ronald A. Bender
                                Ronald A. Bender
                                Attorneys for Plaintiff

12005577