Ryan K. Jackson
Jackson Law, P.C.
234 East Mendenhall
Bozeman, MT 59715
Telephone: (406) 585.3300
Facsimile:  (406) 794.0799
Email:      info@jacksonlawpc.com

Elisabeth Montoya
Elisabeth Montoya, PLLC
234 East Mendenhall
Bozeman, MT 59715
Telephone: (406) 585.3300
Facsimile:  (406) 794.0799
Email:      emontoya.law@gmail.com

Attorneys for Lila Masters

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| BALANCE POINT DIVORCE FUNDING, LLC, a Nevada Limited Liability Company,<br>Plaintiff,<br><br>v.<br><br>LILA MASTERS, Counterclaimant, Third-Party Plaintiff and Defendant, | CAUSE NO. CV-12-40-BU-SEH<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, COUNTERCLAIM AND THIRD PARTY COMPLAINT & DEMAND FOR TRIAL BY JURY |

| |
|---|
| JOHN DOES 1-5, and JANE DOES, 1-5, Defendants. |
| v. |
| PARKER, SHUMAKER, MILLS, LLP, Third-Party Defendant, and |
| DAVID B. PARKER, Third-Party Defendant, and |
| STACEY NAPP, Third-Party Defendant, and |
| John Does 1-5. |

COMES NOW, Defendant, Counterclaimant, and Third-Party Plaintiff, Lila Masters, and hereby answers Plaintiff's First Amended Complaint and specifically incorporates by reference herein Lila M. Masters' Counterclaim against Balance Point Divorce Funding, LLC and Lila M. Masters' Third Party Complaint against PARKER, SHUMAKER, MILLS, LLP, Mark Parker, and Stacey Napp, as set forth in **DEFENDANT'S ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT & DEMAND FOR TRIAL BY JURY**, dated and filed July 20, 2012, as follows:

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Plaintiff's paragraph No. 1 and, therefore, denies the same.

2. Defendant admits the allegations contained in Plaintiff's paragraph No. 2.

3. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Plaintiff's paragraph No. 3 and, therefore, denies the same.

4. Defendant admits the allegations contained in Plaintiff's paragraph No. 4.

5. Defendant admits the allegations contained in Plaintiff's paragraph No. 5.

6. Defendant admits the allegations contained in Plaintiff's paragraph No. 6.

7. Defendant admits that she entered into a written agreement with Balance Point titled Purchase Agreement on or about May 18, 2011.

Defendant lacks sufficient knowledge and information as to the term "valuable paid" and therefore is unable to admit or deny the same, and thus, denies the same. Defendant denies the remaining allegations contained in the second (2nd) sentence of Plaintiff's paragraph No. 7. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in the third (3rd) sentence of Plaintiff's paragraph No. 7 and, therefore, denies the same. Defendant admits that on September 29, 2011 she entered into a document Balance Point titled First Amended and Restated Purchase Agreement ("Amended Purchase Agreement"). Defendant denies the allegations contained in the fifth (5th) sentence of Plaintiff's paragraph No. 7. Defendant denies Plaintiff's contained in the sixth (6th) sentence of Plaintiff's paragraph No. 7. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in the seventh (7th) sentence of Plaintiff's paragraph No. 7 and, therefore, denies the same. Defendant lacks sufficient knowledge and information to admit or deny the

Answer to Plaintiff's Amended Complaint, Counterclaim, and Third Party Complaint

allegations contained in the eighth (8th) sentence of Plaintiff's paragraph No. 7 and, therefore, denies the same. Defendant denies the remaining allegations of Plaintiff's paragraph No. 7 and further denies any and all allegations of Plaintiff's paragraph No. 7 if not specifically addressed herein.

8. Defendant denies the allegations contained in Plaintiff's paragraph No. 8. In connection therewith the Defendant asserts the Amended Agreement speaks for itself. Defendant denies all remaining allegations contained in Plaintiff's paragraph No. 8.

9. Defendant denies the allegations contained in Plaintiff's paragraph No. 9. In connection therewith the Defendant asserts the Amended Agreement speaks for itself. Defendant denies all remaining allegations contained in Plaintiff's paragraph No. 9.

10. Defendant denies the allegations contained in Plaintiff's paragraph No. 10. In connection therewith the Defendant asserts the Amended Agreement speaks for itself. Defendant denies all remaining allegations contained in Plaintiff's paragraph No. 10.

11. Defendant denies the allegations contained in Plaintiff's paragraph No. 11. In connection therewith the Defendant asserts the Amended Agreement speaks for itself. Defendant denies all remaining allegations contained in Plaintiff's paragraph No. 11.

12. Defendant denies the allegations contained in Plaintiff's paragraph No. 12. In connection therewith the Defendant asserts the Amended Agreement speaks for itself. Defendant denies all remaining allegations contained in Plaintiff's paragraph No. 12.

13. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Plaintiff's paragraph No. 13 and, therefore, denies the same.

14. Defendant denies the allegations Plaintiff's paragraph No. 14. In connection therewith, Defendant admits that on or about April 18, 2012, Defendant Masters and her former spouse Timothy Scrantom entered into a Property Settlement Agreement with a Decree of Dissolution entered in the Montana Eighteenth Judicial District Court Gallatin County in Cause No. DR-09-318A. Except for specifically

Answer to Plaintiff's Amended Complaint, Counterclaim, and Third Party Complaint

admitted herein, Defendant denies all remaining allegations contained in Plaintiff's paragraph No. 14.

15. Defendant denies the allegations contained in Plaintiff's paragraph No. 15.

16. Defendant admits the allegations contained in Plaintiff's paragraph No. 16.

17. Defendant denies the allegations contained in Plaintiff's paragraph No. 17.

18. Defendant denies the allegations contained in Plaintiff's paragraph No. 18.

19. Defendant denies the allegations contained in Plaintiff's paragraph No. 19.

20. Defendant denies the allegations contained in Plaintiff's paragraph No. 20.

21. Defendant denies the allegations contained in Plaintiff's paragraph No. 21.

22. Defendant denies the allegations contained in Plaintiff's paragraph

Answer to Plaintiff's Amended Complaint, Counterclaim, and Third Party Complaint

No. 22.

23. Defendant denies the allegations contained in Plaintiff's paragraph No. 23.

24. Defendant denies the allegations contained in Plaintiff's paragraph No. 24.

25. Defendant denies the allegations contained in Plaintiff's paragraph No. 25.

26. Defendant denies the allegations contained in Plaintiff's paragraph No. 26.

27. Defendant denies the allegations contained in Plaintiff's paragraph No. 27.

28. Defendant denies the allegations contained in Plaintiff's paragraph No. 28.

29. Defendant denies the allegations contained in Plaintiff's paragraph No. 29.

30. Defendant denies the allegations contained in Plaintiff's paragraph No. 30.

31. Defendant denies the allegations contained in Plaintiff's paragraph No. 31.

32. Defendant denies the allegations contained in Plaintiff's paragraph No. 32.

33. Defendant denies all remaining allegations contained in Plaintiff's Complaint if not specifically addressed herein.

## **AFFIRMATIVE DEFENSES**

Discovery has not yet begun in this matter. Accordingly, Defendant sets forth the following defenses to this matter so as not to waive such defenses and to preserve such defenses:

1. Plaintiff's claims are barred by the doctrines of waiver and laches.

2. Plaintiff has failed to mitigate its damages, if any.

3. Plaintiff is not entitled to recover attorney's fees or costs against Defendant.

4. The Complaint, and the whole thereof, fails to state a claim upon which relief can be granted and should be dismissed, with prejudice, with the Defendant, Lila Masters, to have and recover her costs,

disbursements and attorneys' fees incurred herein.

5. The Purchase Agreement dated May 24, 2011, and First Amended and Restated Purchase Agreement dated September 29, 2011, violate public policy of the law, are contrary to the express provisions of the law, or are otherwise contrary to good morals.

6. Plaintiff and Defendant entered into the Purchase Agreement dated May 24, 2011, and the First Amended and Restated Purchase Agreement dated September 29, 2011, as a means of setting forth the terms of repayment of the sums loaned. The interest rate violates the allowable rate of interest under Montana law because it exceeds the greater of 15% or an amount that is 6 percentage points per year above the prime rate published by the federal reserve system in its statistical release H.15 Selected Interest Rates for bank prime loans dated 3 business days prior to the execution of the agreement. As such, Defendant is entitled to recover from Plaintiff the sum double the amount of interest charged in an amount to be proven at trial.

7. Plaintiff is estopped and prevented from making any claim for

damages against Defendant because of the reason of its own actions in this matter, including Plaintiff's own inequitable conduct.

8. Plaintiff's damages, if any, were not proximately caused or contributed to by a breach of contract or any act or omission by Defendant.

9. Plaintiff failed to perform as promised in the Purchase Agreement dated May 24, 2011, and the First Amended and Restated Purchase Agreement dated September 29, 2011, therefore Defendant is excused from performing the terms of the parties' agreements.

10. The Purchase Agreement dated May 24, 2011, and the First Amended and Restated Purchase Agreement dated September 29, 2011, are unenforceable as contracts of adhesion such that Defendant, in the weaker position, had little choice as to the terms of the agreements and it was either not within the reasonable expectations of Defendant or within Defendant's reasonable expectations, but when considered in its context, is unduly oppressive, unconscionable and against public policy.

11. The Purchase Agreement dated May 24, 2011, and the First Amended and Restated Purchase Agreement dated September 29, 2011, as a matter of law, are permeated by unconscionability because Defendant lacked equal bargaining power with Plaintiff, lacked meaningful choice, and Plaintiff exploited Defendant's vulnerability. The parties' agreements are therefore unenforceable in whole or in part.

12. Plaintiff represented to Defendant that its funding source would create a more equitable playing field in the underlying state court dissolution proceeding. This representation was false. This representation was material to Defendant's decision to enter into the Agreements with Plaintiff because she did feel out-matched by her soon-to-be ex husband's ability to finance the dissolution proceeding. Plaintiff knew this representation was false because it ultimately knew that after ensuring Defendant would be left with attorney's six figured attorney's fees bills after taking its share of the marital assets it would leave Defendant with next to nothing to rebuild her life.

Defendant was ignorant of this falsity and relied to her detriment upon its truth. Defendant was within her rights to rely upon this representation has suffered damages in an amount to be proven at trial as a result.

13. Plaintiff lacks legal capacity to institute an action against Defendant, pursuant to §37-61-408, MCA.

14. Plaintiff unduly influenced Defendant to enter into and agree to the terms of The Purchase Agreement dated May 24, 2011, and the First Amended and Restated Purchase Agreement dated September 29, 2011, such that Plaintiff took grossly oppressive and unfair advantage of Defendant's necessities or distress.

15. All affirmative defenses which could be considered counterclaims are hereby incorporated below. All affirmative defenses which could be considered counterclaims or Third-Party claims are hereby incorporated below.

WHEREFORE, Defendant, Counterclaimant and Third Party Plaintiff, Lila Masters, respectfully requests the following:

1. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing therefrom;

2. Judgment be entered against Plaintiff and Third-Party Defendants and in favor of Defendant/Counterclaimaint/Third-Party Plaintiff for all claims or relief alleged herein;

3. That Defendant/Counterclaimant/Third-Party Plaintiff recover all fees and costs, including attorney's fees, in defending and in prosecuting this matter;

4. Any further relief deemed reasonable and necessary.

DATED this 7th day of August, 2012.

/s/ Ryan K. Jackson
Ryan K. Jackson
Attorney for Defendant,
Counterclaimant, Third Party
Plaintiff, Lila Masters

/s/ Elisabeth Montoya
Elisabeth Montoya
Attorney for Defendant,
Counterclaimant, Third Party
Plaintiff, Lila Masters

# **DEMAND FOR JURY TRIAL**

Defendant, Counterclaimant and Third Party Plaintiff, Lila M. Masters, hereby demands a trial by jury of all issues so trial able.

DATED this 7th day of August, 2012.

/s/ Ryan K. Jackson
Ryan K. Jackson
Attorney for Defendant,
Counterclaimant, Third Party
Plaintiff, Lila Masters

/s/ Elisabeth Montoya
Elisabeth Montoya
Attorney for Defendant,
Counterclaimant, Third Party
Plaintiff, Lila Masters

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2012, a copy of the foregoing document was served upon the following by:

| | |
|---|---|
| Ronald A. Bender, Esq<br>Worden Thane, P.C.<br>P.O. Box 4747<br>Missoula, MT 59806-4747 | [     ]  U.S. Mail<br>[     ]  Fax<br>[     ]  Express Mail<br>[ xxxx ]  CM/ECF filing<br>[     ]  Federal Express<br><br> /s/ Ryan K. Jackson<br>Ryan K. Jackson |

Answer to Plaintiff's Amended Complaint, Counterclaim, and Third Party Complaint