

Elisabeth Montoya <emontoya.law@gmail.com>

## FW: Scrantom v. Masters (Settlement Agreement)

**Todd Shea** <toddshea@shealawoffice.net>  Wed, Aug 29, 2012 at 10:46 AM
To: "Charles E. Hansberry" <cehansberry@garlington.com>
Cc: melissa@shealawoffice.net

Chuck

Thank you for your message. As I understand it, you are requiring an immediate response to all of your requests for information set forth below and if this is provided to you, you may consider putting off the requested deposition on 9/6/12 (which you notified me of yesterday). In my view, if this is your client's position, it is not reasonable and will result in unnecessary motion practice and legal fees.

As I mentioned, I am unavailable for a deposition on 9/6 as I am travelling out of town on 9/6. Further, as you will recall, I was just substituted in as lead counsel and I need time to obtain and learn file materials to properly represent my client at a deposition. In addition, it is my client's position that the depositions should be scheduled once all parties have entered an appearance for judicial economy's sake and to save fees and costs. Finally, my client is travelling today and I do not have the information to respond to your requests in any event.

On a related topic, given the scope of the requests below, I would respectfully suggest that your client serve formal discovery requests, and my client will then evaluate the requests and respond in accordance with the applicable rules.

In closing, I would prefer not to engage in unnecessary motion practice, but if I am understanding your client's position correctly (as noted above) my client will file the appropriate motion.

Thank you,



EXHIBIT A

Todd

P.S. I have a hearing early this afternoon in another matter so if you call or email me I will not be able to get back to you right away.

[Quoted text hidden]

Charles E. Hansberry
Jeffrey M. Roth
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
cehansberry@garlington.com
jmroth@garlington.com

Attorneys for Plaintiff Balance Point Divorce Funding, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BALANCE POINT DIVORCE FUNDING, LLC, a Nevada Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LILA MASTERS,<br><br>　　　　Defendant,<br>　　　　Counterclaimant,<br>　　　　Third-Party Plaintiff,<br><br>　v.<br><br>JOHN DOES 1-5, and<br>JANE DOES 1-5,<br><br>　　　　Defendants,<br><br>　v.<br><br>PARKER, SHUMAKER, MILLS, LLP, DAVID B. PARKER, and STACEY NAPP,<br><br>　　　　Third-Party Defendants. | Cause No. CV-12-40-BU-SEH<br><br><br><br><br>NOTICE OF DEPOSITION<br>(LILA MASTERS) |



1

TO: DEFENDANT LILA MASTERS, and her Counsel of Record, TODD SHEA and ELIZABETH MONTOYA,

PLEASE TAKE NOTICE that the Plaintiff, Balance Point Divorce Funding, LLC ("Balance Point,") by and through its counsel, and pursuant to the Federal Rules of Civil Procedure and the Court's July 30, 2012 Order (Dkt. 9) will take the deposition, upon oral examination, of Defendant Lila Masters, before a Court Reporter on September 6, 2012, beginning at 9:00 a.m. at the offices of Fisher Court Reporting, 503 East Mendenhall Street, Bozeman, MT, commencing first with document inspection and copying and continuing with questioning. The deposition will continue until completed.

You are invited to attend and examine the witness.

Pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure, you are also requested to produce the following documents for inspection and copying at the deposition:

(1) All account statements for every bank account, brokerage account or other similar account held in your name, either individually or jointly with someone else or in the name of an entity you have an ownership interest in from April 1, 2012 until the present;

(2) All documents, including but not limited to copies of any checks, wire transfers, correspondence or confirmation, showing any payment made by Timothy Scrantom or on his behalf to the deponent, or her

2

agents, attorneys or representatives, pursuant to the Property Settlement Agreement ("PSA") dated April 18, 2012 in *In re the Marriage of Scrantom v. Masters* (Cause No. DR-09-318A) (the "Divorce Proceeding");

(3)   All documents, including but not limited to copies of any checks, account statements, charges, wire transfers, correspondence or confirmation, showing the location and and/or current disposition of any cash or other consideration made by Mr. Scrantom as described in #2, above.

(4)   All documents, including but not limited to copies of any correspondence, transfer documents, contracts, agreements or similar documents, which show the location, status and and/or current disposition of any Juridica Capital Management Ltd. stock which was to be transferred to the deponent under the PSA.

(5)   All promissory notes and security agreements executed by Mr. Scrantom in favor of deponent, including but not limited to the $1,500,000 promissory note to be issued under paragraph 7.B.v. of the PSA.

(6)   All documents, including but not limited to copies of any checks, account statements, charges, wire transfers, correspondence or

3

confirmation, showing the location and and/or current disposition of any payments made under the promissory notes described in paragraph #5 above.

(7) All documents, including but not limited to copies of any correspondence, transfer documents, status reports, contracts, agreements or similar documents, which show the location, status and and/or current disposition of any "case investments" as described in the PSA, including but not limited to the GILG Trust.

(8) All property inventories and valuations prepared by either party in the Divorce Proceedings that is in the possession of the deponent or her agents and attorneys.

(9) All correspondence, including but not limited to all email correspondence and/or text messages, between Mr. Scrantom and the Deponent, either directly or through their representatives, attorneys, agents or surrogates (i.e. children) from October 31, 2011 to the present.

DATED this 30th day of August, 2012.

/s/ Charles E. Hansberry
Attorneys for Plaintiff Balance Point
Divorce Funding, LLC

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF MONTANA, BUTTE DI'

| | |
|---|---|
| BALANCE POINT DIVORCE FUNDING, LLC <br> *Plaintiff* <br> v. <br> LILA MASTERS, et al. <br> *Defendant* | ) ) ) ) ) ) Civil Action No. 12-CV-00040-BU-SEH <br> (If the action is pending in another district, state where: ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: DEFENDANT, LILA MASTERS, by and through her counsel of record, Todd Shea

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Fisher Court Reporting <br> 503 East Mendenhall Street <br> Bozeman, MT 59715 | Date and Time: <br> 09/06/2012 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 08/30/2012

CLERK OF COURT

_____   OR   *[signature]*
*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Balance Point Divorce Funding, , who issues or requests this subpoena, are:
Charles E. Hansberry, 350 Ryman Street, Missoula, MT 59807; 406-523-2500; cehansberry@garlington.com

**EXHIBIT C**

EXHIBIT A TO THE SUBPOENA DUCES TECUM

(1) All account statements for every bank account, brokerage account or other similar account held in your name, either individually or jointly with someone else or in the name of an entity you have an ownership interest in from April 1, 2012 until the present;

(2) All documents, including but not limited to copies of any checks, wire transfers, correspondence or confirmation, showing any payment made by Timothy Scrantom or on his behalf to the deponent, or her agents, attorneys or representatives, pursuant to the Property Settlement Agreement ("PSA") dated April 18, 2012 in *In re the Marriage of Scrantom v. Masters* (Cause No. DR-09-318A) (the "Divorce Proceeding");

(3) All documents, including but not limited to copies of any checks, account statements, charges, wire transfers, correspondence or confirmation, showing the location and and/or current disposition of any cash or other consideration made by Mr. Scrantom as described in #2, above.

(4) All documents, including but not limited to copies of any correspondence, transfer documents, contracts, agreements or similar documents, which show the location, status and and/or current disposition of any Juridica Capital Management Ltd. stock which was to be transferred to the deponent under the PSA.

(5) All promissory notes and security agreements executed by Mr. Scrantom in favor of deponent, including but not limited to the $1,500,000 promissory note to be issued under paragraph 7.B.v. of the PSA.

(6) All documents, including but not limited to copies of any checks, account statements, charges, wire transfers, correspondence or confirmation, showing the location and and/or current disposition of any payments made under the promissory notes described in paragraph #5 above.

(7) All documents, including but not limited to copies of any correspondence, transfer documents, status reports, contracts, agreements or similar documents, which show the location, status and and/or current disposition of any "case investments" as described in the PSA, including but not limited to the GILG Trust.

(8) All property inventories and valuations prepared by either party in the Divorce Proceedings that is in the possession of the deponent or her agents and attorneys.

(9) All correspondence, including but not limited to all email correspondence and/or text messages, between Mr. Scrantom and the Deponent, either directly or through their representatives, attorneys, agents or surrogates (i.e. children) from October 31, 2011 to the present.



Elisabeth Montoya <emontoya.law@gmail.com>

## FW: Deposition of Lila Masters & Subpoena

**Charles E. Hansberry** <cehansberry@garlington.com>　　　　　　　Thu, Aug 30, 2012 at 10:39 AM
To: Todd Shea <toddshea@shealawoffice.net>, "emontoya.law@gmail.com" <'emontoya.law@gmail.com'>
Cc: "Jeffrey M. Roth" <jmroth@garlington.com>, "Angela M. Miller" <ammiller@garlington.com>

Todd and Elizabeth:

Please see the attached subpoena and deposition notice for your client for next Thursday.

I am still willing to discuss some kind of alternative arrangement if we can get the information we need and some kind of agreement in place with regard to these assets until at least a deposition can be rescheduled. Otherwise, you can represent that we object to your motion for protective order.

Charles E. Hansberry

garlington|lohn|robinson

A Professional Limited Liability Partnership

Attorneys at Law Since 1870

PO Box 7909 (350 Ryman Street)

Missoula, MT 59807-7909

Phone: (406) 523-2500, Fax: (406) 523-2595

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONFIDENTIALITY: The information contained in this e-mail message may be privileged and confidential information intended only for the use of the individual or entity named above. If you have received this communication in error, please notify us immediately by e-mail or telephone and delete the original message from your computer.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*



EXHIBIT D

2 attachments

Lila Masters Subpoena.pdf.pdf
57K



📎 PDF copy Notice of Deposition (Lila Masters).PDF
68K

**Sent:** Friday, August 31, 2012 2:46 PM
**To:** 'Charles E. Hansberry'
**Cc:** 'melissa@shealawoffice.net'
**Subject:** RE: Scrantom v. Masters (Settlement Agreement)

Chuck

Thank you for our call a few minutes ago during which I passed on the information that I am aware of in response to your delineated topics noted in your email immediately below. At the end of our call, you advised me that it will still be necessary for my client to file a motion for a Protective Order in connection with the pending deposition notice and subpoena. As such, I will go ahead and prepare a motion for a Protective Order and of course copy you on the same.

Thank you,

Todd

Todd Shea
Shea Law Firm, P.L.L.C.

225 E. Mendenhall, Suite I
Bozeman, MT  59715
Phone: (406) 587-3950
Fax: (406) 587-9752
www.shealawoffice.net

*Admitted to practice in:*
Montana, New York
New Jersey, District of Columbia
United States Supreme Court
Certified by the National Board of Trial Advocacy as a Civil Trial Advocate
Certified by the New Jersey Supreme Court as
a Civil Trial Attorney

*This e-mail is intended for the sole use of the intended recipient(s).*

*The information contained in this e-mail may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail and destroy all copies of the original message. Thank you.*

**From:** Charles E. Hansberry [mailto:cehansberry@GARLINGTON.COM]
**Sent:** Wednesday, August 29, 2012 11:00 AM
**To:** 'Todd Shea'
**Cc:** 'melissa@shealawoffice.net'
**Subject:** RE: Scrantom v. Masters (Settlement Agreement)

EXHIBIT E

Todd-

These are not onerous and can probably be answered- at least in part- with just a phone call. Indeed, the big issues are ii, iii, and vi. Where are those assets?

If I cannot get at least answers to those questions, then I have no choice. File whatever motion for a protective order that you think you need to file.

Thanks, Chuck